UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JUAN LUIS GOMEZ-REGIN a/k/a<br>JUAN JOSE DOMINGUEZ-GOMEZ,<br><br>　　　　　　Defendant/Petitioner. | Case No.　1:11-cv-00146-EJL<br>　　　　　　1:09-cr-00089-EJL<br><br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is a Petition (Dkt. 1) to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, by Defendant/Petitioner Juan Luis Gomez-Regin a/k/a Juan Jose Dominguez-Gomez. The motion is fully briefed and at issue. Also pending is Defendant's Request for an Evidentiary Hearing (Mot., Dkt. 4), and request to Amend Motion (Dkt. 8). Being familiar with the record and having considered the parties' briefing, the Court will grant Defendant's request to Amend Motion (Dkt. 8), but ultimately deny Defendant's Petition under § 2255, as well as Defendant's Motion for a Hearing (Dkt. 4), as more fully expressed below.

## BACKGROUND

Defendant was indicted on charges of conspiracy to distribute methamphetamine, distribution of methamphetamine, and forfeiture (Indictment, Dkt. 1 in criminal case).[1] The Court appointed counsel Leo Griffard to represent Defendant. (Minutes, Dkt. 31). Defendant entered into an agreement, pleading guilty to conspiracy to distribute methamphetamine and forfeiture. (Plea Agreement, Dkt. 75).

In the agreement, Defendant waived collateral attacks on his sentence, but retained the right to file one § 2255 motion in limited circumstances. (Id. at 12; see discussion below). Defendant also acknowledged that he reviewed each part of the agreement carefully, and understood their effect on his potential sentence; he further agreed that he discussed his rights with counsel, and that he was satisfied with his counsel's representation and advice. (Id. at 16).

The Court conducted a change of plea hearing at which Defendant responded – under oath – to several questions concerning his plea. (Plea Trans., Dkt. 146 at 3-4). The Court engaged in an extensive colloquy with Defendant about his rights, the potential penalties for his crime, and each of the provisions of his plea agreement. (Id. at 9-13, 17-20). Defendant stated that he understood, that he intended to plead guilty, that his plea was voluntary and of his own free will, and that he admitted the facts sustaining his guilt; Defendant pleaded guilty and the Court accepted his plea. (Id. at 13, 19-21).

---

[1] Throughout the Background section only, references to the Court Docket shall refer to entries in petitioner's criminal case, No. 1:09-cr-00089-EJL, unless otherwise identified.

A Pre-Sentence Investigation Report proposed an increased offense level for Defendant's aggravating role in the offense, and Defendant filed an objection. (Objection, Dkt. 106). At his sentencing hearing, Defendant confirmed that his only objection was that submitted in writing. (Sentencing Trans., Dkt. 147 at 3). The Court overruled Defendant's objection and sentenced him to 144 months imprisonment, which was – however – a 7 month departure from the advisory guideline range of 151-188 months. (Id. at 18-19; Judgment, Dkt. 128).

Defendant timely appealed (Not. of Appeal, Dkt. 129), and on March 17, 2011, the Ninth Circuit issued a Memorandum decision denying his appeal (Mem., Dkt. 157). Defendant promptly filed this motion under § 2255, on the following grounds: (1) that his sentence was not founded on evidence, (2) abuse of discretion by the Court given the lack of evidence, (3) violation of due process, and (4) miscarriage of justice. (Mot., Dkt. 1 in civil case). In a Motion to Amend, Defendant seeks to add the additional claim that he received ineffective assistance of counsel. (Mot., Dkt. 8 in civil case).

## LEGAL STANDARD

A prisoner asserting the right to be released "may move the court which imposed the sentence to vacate, set aside or correct the sentence" under 28 U.S.C. § 2255(a). Section 2255 provides four grounds that justify relief for a federal prisoner who challenges the fact or length of his detention: (1) whether "the sentence was imposed in violation of the constitution or laws of the United States;" (2) whether the court was without jurisdiction to impose such sentence; (3) whether the sentence was "in excess of the maximum authorized by law;" or (4) whether the sentence is "otherwise subject to

collateral attack." *See Hill v. United States*, 368 U.S. 424, 428 (1962). Despite this seemingly broad language, "the range of claims which may be raised in a § 2255 motion is narrow." *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981).

The Court recognizes that a response from the government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . .." 28 U.S.C. § 2255(b). Further, a hearing must be granted unless the movant's allegations, "when viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984), *cert. denied*, 470 U.S. 1058 (1985) (citations omitted); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985). A district court may summarily dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . .." Rule 4(b), Rules Governing § 2255 Proceedings in the United States District Court. Thus, in order to withstand summary dismissal of his motion for relief under § 2255, the defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim." *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990).

Section 2255 is not a substitute for appeal. *Addonizio*, 442 U.S. at 184. "Errors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for relief under § 2255." *United States v. Wilcox*, 640 F.2d 970, 973 (9th Cir. 1981). Where a defendant fails to raise claims on direct review, those claims are procedurally defaulted unless he can demonstrate cause for and prejudice from the

procedural default, or actual innocence. *United States v. Ratigan*, 351 F.3d 957, 962

(2003)(citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). However, when a

particular issue "has been decided adversely on appeal from a conviction, it cannot be

litigated again on a 2255 motion." *Odom v. United States*, 455 F.2d 159, 160 (9th Cir.

1972)(citations omitted).

## ANALYSIS

**1.      Request for Evidentiary Hearing**

Defendant requests an evidentiary hearing on his § 2255 motion. (Mot., Dkt. 4).

Where a § 2255 petitioner's allegations, "viewed against the record, fail to state a claim

for relief," or where summary dismissal is otherwise warranted, the Court may deny an

evidentiary hearing. *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir.

1996)(citations omitted). In a § 2255 motion, conclusory statements, without more, are

insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir.

1993). As more fully expressed below, the Court finds that Defendant's allegations,

when viewed against the record, fail to state a claim for relief. Accordingly, the Court

finds that a hearing is not warranted, and will summarily dismiss Defendant's claims.

**2.      Waiver of Right to Petition Under § 2255**

In the plea agreement, Defendant retained the right to file one petition under

§ 2255, but only if he believes he "received ineffective assistance of counsel based solely

on information not known to [him at sentencing] and which, in the exercise of reasonable

diligence, could not have been known by the defendant at that time." (Plea Agreement,

Dkt. 75 in criminal case at 13-14).

"[P]ublic policy strongly supports plea agreements," including those waiving the right to appeal. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). "[P]erhaps the most important benefit of plea bargaining[ ] is the finality that results." *Id.* at 322. However, "waiver of the right to appeal would not prevent an appeal where the sentence imposed is not in accordance with the negotiated agreement." *Id.* at 321. Also, the Ninth Circuit has held that "a plea agreement that waives the right to file a federal habeas petition . . . is unenforceable with respect to an [ineffective assistance of counsel] claim that challenges the voluntariness of the waiver." *Washington v. Lampert*, 422 F.3d 864, 870 (9th Cir. 1005)(quoting *United States v. Jeronimo*, 398 F.3d 1149, 1156 n. 4 (9th Cir. 2005)). This is consistent with holdings in other circuits. *Lampert*, 422 F.2d at 870-71(citations omitted); *see e.g. Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999).

Only one of Defendant's claims is a challenge to the effectiveness of his counsel – the issue raised most recently in his Motion to Amend (Dkt. 8). Defendant's remaining claims – all concerning a lack of evidence or proof that Defendant committed the crimes for which he pleaded guilty and was sentenced – do not fall within the exception to waiver outlined in Defendant's plea agreement. Defendant has failed to demonstrate any basis for considering these challenges, and the Court can find none.

Importantly, the Court engaged in an extensive colloquy with Defendant at his plea hearing and was satisfied the plea was entered voluntarily and knowingly. Under his plea agreement, Defendant is not entitled to pursue his claims unrelated to the effectiveness of counsel. Accordingly, the Court will reject and dismiss the following arguments: (1) that

his sentence was not founded on evidence, (2) abuse of discretion based on lack of evidence, (3) violation of due process, and (4) miscarriage of justice where Defendant was never proven to have committed a crime.

**3.      Lack of Specificity or Substance**

Even if Defendant had not waived his right to bring the four claims challenging the sufficiency of evidence, those arguments lack sufficient specificity or substance in Defendant's motion to warrant consideration.  As stated above, a defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim" in order to withstand summary dismissal on a § 2255 motion.  *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990).  Defendant does not meet that threshold here.

Defendant's allegation that there was no evidence to support his sentence are conclusory at best.  Defendant's Plea Agreement alone provides overwhelming factual basis for his sentence.  (Plea Agreement, Dkt. 75 in criminal case).  As discussed above, the record amply supports that Defendant's plea was voluntary and knowing.  Moreover, the Ninth Circuit affirmed this Court's imposition of sentence based on evidence of Defendant's supervisory role in the drug conspiracy.  (Mem., Dkt. 157).  In light of Defendant's sparse and conclusory allegations, summary dismissal is warranted.

**4.       Motion to Amend and Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel is a basis for habeas relief, and need not be raised on direct appeal to preserve the issue for collateral attack.  *United States v. Withers*, 638 F.3d 1055, 1066 (9th Cir. 2011)(citing *Massaro v. United States*, 538 U.S. 500, 505 (2003)).  Defendant has the burden of proving ineffective assistance of counsel,

by showing (1) that counsel performed so deficiently as to fall below an objective standard of reasonableness; and (2) prejudice – that but for counsel's deficiencies, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-694 (1984). In evaluating counsel's performance, there is a strong presumption favoring a finding of effectiveness. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)(citation omitted). Regarding prejudice, the court considers "the totality of the evidence . . . and presume[s] that the judge or jury acted according to law." *Strickland*, 466 U.S. at 695.

As discussed above, Defendant here waived the right to challenge the effectiveness of counsel in a § 2255 motion, except where based on information unknown at the time of sentencing, or that could not have been known through the exercise of reasonable diligence. (Plea Agreement, Dkt. 75 in criminal case at 13-14). Defendant argues that his challenge to the effectiveness of counsel is based on newly found evidence, thus explaining the delay, and fitting within the exception under his waiver.

The document at issue – the plea agreement – was obviously available to Defendant long before he filed his Motion to Amend (Dkt. 8). Defendant asserts that a copy of the agreement was only "recently acquired," implying that this is the reason for delay in raising this most recent issue. (Id. at 2). The plea agreement includes Defendant's signature, as well as that of his interpreter; the agreement itself, as well as the transcript from the plea proceedings support that Defendant saw and was well aware of the agreement and its provisions. Thus the Court is highly skeptical of Defendant's assertion that the plea agreement constitutes "newly discovered evidence."

Even if the Court were to authorize and consider Defendant's late addendum to his motion for relief under § 2255, Defendant's motion fails to show that his counsel performed below a standard of objective reasonableness in representing Defendant. Defendant makes the conclusory allegation that counsel indicated Defendant's willingness to accept the plea agreement without Defendant's consent. Again, the transcript from Defendant's plea hearing reveals otherwise.

To the extent that Defendant has noted a seeming discrepancy as to the dates on which Defendant, counsel, and the prosecutor signed the plea agreement, Defendant has not shown how the varying signature dates demonstrate that his acceptance of the plea agreement was unknowing or involuntary. In other words, Defendant has not shown prejudice. Given the Court's discussion with Defendant at the plea hearing, the Court is satisfied – as it was at the time of the hearing – that Defendant was knowingly, voluntarily, and of his own free will, accepting the terms of the plea agreement.

In the interest of addressing all of Defendant's substantive claims, the Court will grant the Motion to Amend, and include Defendant's ineffective assistance of counsel argument. However, the Court finds that Defendant has failed to meet his burden of showing that counsel performed deficiently, or that Defendant was prejudiced by any alleged deficiency. The Court will therefore reject Defendant's claim.

## ORDER

**IT IS ORDERED THAT:**

1.      Defendant's Motion to Amend (Dkt. 8) is GRANTED.

2.      Defendant's Motion for Evidentiary Hearing (Dkt. 4) is DENIED.

3.     Defendant's Motion to Vacate, Set Aside, or Correct Sentence (Dkt. 1)

under § 2255 is DENIED, and this matter is DISMISSED in its ENTIRETY.

DATED:  **December 5, 2011**

Honorable Edward J. Lodge
U. S. District Judge